**IN THE COURT OF APPEALS OF IOWA**

No. 14-1926
Filed November 12, 2015

**IN RE THE MARRIAGE OF DARCY J. WERNER**
**AND TRENT WERNER**

**Upon the Petition of**
**DARCY J. WERNER,**
        Petitioner-Appellee,

**And Concerning**
**TRENT WERNER,**
        Respondent-Appellant.
_____

        Appeal from the Iowa District Court for Linn County, Sean W. McPartland,

Judge.


        An ex-husband appeals the physical care and property distribution

provisions of the dissolution decree. **AFFIRMED.**


        Steven E. Howes and Kevin C. Rigdon of Howes Law Firm, P.C., Cedar

Rapids, for appellant.

        Mona F. Knoll of Nazette, Marner, Nathanson & Shea, L.L.P., Cedar

Rapids, for appellee.


        Considered by Doyle, P.J., and Mullins and Bower, JJ.

**MULLINS, Judge.**

Darcy Werner and Trent Werner were married in 2005 and had a child in 2007. The parties lived in Cedar Rapids until 2012 when they moved about thirty miles away, to Solon. This move was intended to shorten Trent's drive to his new employment in Rock Island, Illinois, though his drive still consisted of an hour each way. In June 2013, Darcy filed a petition to dissolve their marriage. At about that time, the parties separated, and Darcy moved from Solon back to Cedar Rapids to be closer to her work location. After a hearing on temporary matters, the court granted the parties temporary joint legal custody and granted Darcy temporary physical care of the child. After a two-day trial, the court entered a decree dissolving the marriage. Trent appeals the court's decision to place physical care of the child with Darcy and the award of an equalization payment by him to Darcy.

As to physical care, Trent requests we order shared care or place physical care of the child with him. He contends the court should order that the child attend school in Solon, where the parties had been living together. He also asserts Darcy should not benefit from her unilateral decision to move back to Cedar Rapids, creating a distance between the parties that the district court cited as a reason joint physical care was not workable. Finally, he claims the record does not support the court's characterization that he is likely to move to the Quad Cities. As to the equalization payment, his brief point asserts that Darcy should be the one to make an equalization payment to him, but the content of his brief

simply requests that we negate any equalization payment he is required to make to Darcy.

Upon our de novo review of the record along with a careful study of the briefs and the district court's ruling, we conclude the findings of fact and credibility determinations in the district court's twenty-page single-spaced ruling thoroughly and correctly address each issue raised by Trent. Giving deference to the credibility findings and having determined the district court correctly applied the governing legal and equitable principles, we approve the reasons and conclusions of the opinion; a full opinion of this court would not augment or clarify existing case law. Accordingly, we affirm by memorandum opinion pursuant to Iowa Court Rule 21.26(1)(d) and (e).

**AFFIRMED.**